EDWARD L. SEIDEL (SBN 200865)
Ed.Seidel@wbd-us.com
SCOTT M. MCLEOD (SBN 242035)
Scott.McLeod@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
50 California Street, Ste. 2750
San Francisco, CA 94111
T:  415-433-1900

Attorneys for Plaintiff
WEST COAST CONFERENCE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEST COAST CONFERENCE, an unincorporated association,<br><br>            Plaintiff,<br><br>       v.<br><br>GRAND CANYON UNIVERSITY, an Arizona nonprofit corporation,<br><br>            Defendant. | Case No.: 3:24-cv-8933<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff West Coast Conference ("WCC"), an unincorporated association, by and through its counsel, alleges against Defendant Grand Canyon University ("GCU"), an Arizona nonprofit corporation, as follows:

**PARTIES**

1. The WCC is an unincorporated association, whose members are citizens of California, Oregon, and Washington. Its members are:

    a. University of San Diego, citizen of California;

    b. Loyola Marymount University, a citizen of California;

    c. Pepperdine University, a citizen of California;

    d. Santa Clara University, a citizen of California;

    e. University of San Francisco, a citizen of California;

    f. St. Mary's College of California, a citizen of California;

    g. University of the Pacific, a citizen of California;

    h. University of Portland, a citizen of Oregon;

    i. Gonzaga University, a citizen of Washington;

    j. Seattle University, a citizen of Washington.

2. GCU is an Arizona nonprofit corporation and citizen of Arizona.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper in this court under 28. U.S.C. § 1332 based on complete diversity of citizenship between the WCC and GCU and the matter in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Additionally, the parties contractually agreed to venue in the United States District Court for the Northern District of California.

**DIVISIONAL ASSIGNMENT**

5. Assignment to the San Francisco Division or the Oakland Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in San

Mateo County.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT AGAINST GCU

6. The WCC is a collegiate athletic Division I conference that is a member of the National Collegiate Athletic Association ("NCAA"), consisting of member institutions in the states of California, Oregon, and Washington.

7. GCU is a university in Arizona that joined the Western Athletic Conference ("WAC") in 2013.

8. On or about May 9, 2024, the WCC and GCU entered into a binding agreement ("Agreement"), pursuant to which GCU agreed to become a member of the WCC according to the terms and conditions of the Agreement as well as the WCC's Constitution.

9. The Agreement became effective and binding upon the happening of two events, both of which occurred.

    a. First, the Agreement provides that the Presidents of each current member institution of the WCC would meet on Friday, May 10, 2024 for a formal vote to approve GCU's membership in the WCC. The Agreement provides that the WCC "shall notify GCU of the vote, and, if the Presidents' Approval is obtained, this letter agreement shall serve as a binding agreement between the WCC and GCU." The Presidents did so meet, and did vote to approve GCU's membership, and WCC did notify GCU of the vote.

    b. Second, the WCC and GCU agreed that the effectiveness of the Agreement was contingent upon the simultaneous effectiveness of a membership agreement between the WCC and Seattle University ("SeattleU"). The WCC and SeattleU did enter into an effective membership agreement on or about May 9, 2024, which was also approved by the Presidents of the member institutions of the WCC.

10. Accordingly, the Agreement became effective and is binding on the parties.

11. On May 10, 2024, the WCC publicly announced that GCU and SeattleU were joining the WCC.

12. On May 10, 2024, GCU issued a press release stating that "Grand Canyon University and its athletic programs took another step forward today after the university officially accepted an invitation to join the West Coast Conference beginning in the 2025-2026 academic year."

13. The Agreement provided that GCU would become a "full member" of the WCC effective as of July 1, 2025, meaning that the teams fielded by GCU would first compete as a member of the WCC at that time because GCU's teams were committed to compete in the WAC for the 2024-2025 school year. The Agreement provided that the parties had obligations both prior to and after GCU becoming a full competing member.

14. The WCC and GCU both partially performed obligations under the Agreement:

a. The Agreement provides GCU would be invited to and had certain abilities to participate in WCC meetings prior to becoming full competing member and were parties to multiple communications regarding scheduling meetings. The WCC did invite GCU, and the Athletic Director of GCU did attend, a meeting of the WCC's Athletic Directors on September 17, 2024.

b. The Agreement provides that upon the effectiveness of the Agreement, GCU will provide notice to the WAC of its departure and begin or continue negotiations to depart from the WAC effective as of July 1, 2025. On information and belief, GCU did provide notice of its departure to the WAC.

c. The Agreement provides for GCU to make an Equity Buy-In Payment to the WCC. As a courtesy to GCU, the Agreement allowed GCU to make those payments on a schedule commencing in July, 2024 and concluding in January, 2031. The first two payments were due before January 15, 2025. GCU did make the first payment, received by the WCC on or about July 11, 2024.

15. The Agreement and Constitution of the WCC have certain Withdrawal Provisions, setting forth the parties' obligations if GCU withdraws from the WCC. Specifically, if GCU gives notice of a withdrawal that relates to a withdrawal by GCU for a fiscal year ending on or before June 30, 2031, then GCU is obligated to make a one-time payment to the WCC, not later

1 than 30 days after its written notice of withdrawal, in an amount equal to the remaining unpaid
2 Equity Buy-In Payment. Further, if GCU does not give at least 12 months prior notice of its
3 withdrawal, it is obligated to make a further one-time payment to the WCC.

4     16. The Agreement does not give GCU the unilateral right to withdraw from the WCC
5 or to terminate the Agreement, either prior to or after July 1, 2025, without any further obligation
6 to the WCC.

7     17. On or about November 1, 2024, GCU publicly announced its decision to join and
8 compete in the Mountain West Conference ("MWC") beginning July 1, 2025 and provided a
9 voicemail message to the WCC's Commissioner. Also on November 1, 2024, GCU provided
10 notice in writing that it was "terminat[ing]" the Agreement. GCU reiterated in writing on
11 November 13, 2024 that it had terminated the Agreement, and stated that it would not compete in
12 the WCC during the next school year (2025-2026). These communications from GCU to the
13 WCC constituted a notice of its withdrawal from the WCC. On information and belief, GCU has
14 joined a different conference, the MWC.

15     18. GCU has breached its obligations under the Agreement by, among other things, (a)
16 failing and refusing to make the withdrawal payments due under the Agreement and Constitution
17 and/or (b) by its statements and conduct, expressly and impliedly repudiating the Agreement and
18 refusing to make the Equity Buy-In Payment as it become due.

19     19. The WCC has performed all conditions, covenants, and promises required on its
20 part to be performed in accordance with the terms and conditions of the Agreement, except those
21 that it was excused from performing due to GCU's breach and anticipatory repudiation of the
22 Agreement, and as to those obligations, the WCC had the ability to perform them.

23     20. The WCC has been harmed by GCU's breaches in an amount exceeding $75,000,
24 and according to proof.

25     WHEREFORE, WCC prays for judgment against GCU as follows:
26     1. For compensatory damages according to proof;
27     2. For prejudgment interest;
28     3. For attorneys' fees;

1    4.   For costs of suit; and

2    For such other and further relief as the Court may deem proper.

4    Dated: December 11, 2024                    Respectfully submitted,

5                                                **WOMBLE BOND DICKINSON (US) LLP**

6                                                */s/*  Scott M. McLeod
7                                                EDWARD L. SEIDEL
                                                 SCOTT M. McLEOD

                                                 Counsel for Plaintiff
9                                                WEST COAST CONFERENCE